**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOAQUIN ARTURO CABRERA-SANCHEZ, | No. 10-73149 |
| Petitioner, | Agency No. A073-575-615 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before: LEAVY, PAEZ, and BEA, Circuit Judges.

Joaquin Arturo Cabrera-Sanchez, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' order denying his

motion to reopen proceedings. We have jurisdiction under 8 U.S.C. § 1252. We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

Cabrera-Sanchez contends that the BIA abused its discretion in denying his motion to reopen because he presented new evidence of the requisite hardship - a psychologist's report that his oldest United States citizen daughter is experiencing psychological problems due to the removal proceedings, and evidence that the daughter is enrolled in a gifted students educational program - to support his application for cancellation relief. Cabrera-Sanchez further contends that the BIA violated his due process rights by applying the wrong hardship standard.

To the extent we have jurisdiction to review the BIA's denial of the motion to reopen, *see Fernandez v. Gonzales*, 439 F.3d 592, 601 (9th Cir. 2006), we conclude the BIA did not abuse its discretion in denying Cabrera-Sanchez's motion to reopen based on new evidence of hardship because the BIA considered the evidence and acted within its broad discretion in determining the evidence was insufficient to establish *prima facie* eligibility for cancellation of removal. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law.").

The record does not support petitioner's contention that the BIA applied the wrong legal standard, and petitioner's due process claim does not amount to a

colorable constitutional claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION FOR REVIEW DENIED**.